IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON BANKS,

                Plaintiff,

v.

STAFF/MEDICAL STAFF AT DODGE
CORRECTIONAL INSTITUTION,
MILWAUKEE SECURE DETENTION
FACILITY, and WISCONSIN RESOURCE
CENTER, JOHN DOES 1, 2, 3, and
JANE DOES 1, 2, 3,

                Defendants.

OPINION AND ORDER

19-cv-793-wmc

---

*Pro se* plaintiff Leon Banks, who is currently incarcerated at the Wisconsin Resource Center ("WRC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was incarcerated at the Dodge Correctional Institution ("Dodge"), Milwaukee Secure Detention Facility ("MSDF") and the WRC between March 2018 and June 2019. While Banks' complaint is ready for screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A, since his complaint does not comply with the requirements of Federal Rules of Civil Procedure 8, the court will dismiss it without prejudice. If Banks wants to continue this lawsuit, he will need to submit an amended complaint that corrects the deficiencies outlined below.

OPINION

Banks names as defendants "staff/medical staff" at Dodge, MSDF and WRC; John Does 1, 2, 3; and Jane Does 1, 2 and 3. Banks claims that in around March of 2018, he contacted health services about back pain from a thin mattress, and he now suffers from back pain and a bruise from his thin mattress. It appears that he saw a doctor at some

point who told him that he may need surgery for his back condition. Banks also claims that he suffers from schizophrenia, which defendants have been ignoring.

Although Banks challenges the care he has received for his back condition and schizophrenia, he may not proceed against staff or medical staff at Dodge, MSDF or WRC, since a "department in a prison cannot be sued because it cannot accept service of the complaint." *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

Nor may Banks proceed against any of the Doe defendants. Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Applicable here, to state an Eighth Amendment claim related to medical or mental health care, a plaintiff must allege facts supporting an inference that his treatment

demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures.

The court will accept plaintiff's allegations about his back pain as sufficient to permit an inference that he has a serious medical need. However, Banks has not provided any details about *who* he complained to, *when* he complained, or *how* any proposed defendants responded to his reported symptoms. Without more information about what any defendant knew about his condition, it would be unreasonable to infer that any of the Doe defendants acted with deliberate indifference to his back pain. Relatedly, given that Banks has not alleged that any staff at Dodge, MSPF or WRC actually knew about his schizophrenia diagnosis, Banks' allegations related to his mental health care similarly violate Rule 8.

The court will give Banks a brief window of time, until **July 28, 2020,** to submit a proposed amended complaint that provides more details about the claims he wishes to pursue. Banks should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the

3

materials events. He should be sure to identify the specific defendants who are being sued, the specific actions taken by each defendant that plaintiff believes violated his rights and when those events took place. Plaintiff should refrain from including legal arguments and extraneous background information, and instead should focus on laying out the allegations in a chronological fashion. Additionally, plaintiff must be sure to include *all* of his allegations in his proposed amended complaint.

Beyond satisfying the requirements of Rule 8 using the standard set forth above, Banks should keep in mind the requirements of Federal Rule of Civil Procedure 20. Under Rule 20, plaintiff may join their claims together in one lawsuit if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(1)(A). As the Court of the Appeals for the Seventh Circuit has stated, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). If a complaint includes unrelated claims against different defendants in violation of Rule 20, a court may order that the lawsuit be severed. *Lee v. Cook Cty., Illinois*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litigation*, 361 F.3d 439, 441 (7th Cir. 2004); *Aiello v. Kingston*, 947 F.2d 834, 835 (7th Cir. 1991).

Banks' allegations are unclear, but it appears that he is challenging the care he received for his back pain and schizophrenia at three different institutions, and he has not alleged that the same individuals who knew about his back condition also were responsible for his mental health care. As such, it appears that Banks' complaint also does not satisfy

4

the requirements of Rule 20, since he is pursuing claims against different groups of defendants related to two different conditions. In preparing his amended complaint, Banks should be sure to include *only* the claims arising from the same transaction or occurrence or series of transactions or occurrences, and if the individuals involved in treating his back pain are a different group of individuals who were involved in managing his mental health care, Banks will need to choose which claims he wishes to pursue in this lawsuit. If he wants to pursue additional claims, then he must file another lawsuit to do so. After the court receives Banks' proposed amended complaint, the court will screen his amended complaint and determine whether this case may proceed further.

ORDER

IT IS ORDERED that:

1) Plaintiff Walter Leon Banks' complaint is DISMISSED without prejudice under Federal Rule of Civil Procedure 8.

2) Plaintiff has until **July 28, 2020,** to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims without prejudice for failure to prosecute.

Entered this 7th day of July, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge