IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LEON BANKS,

                Plaintiff,                OPINION AND ORDER

v.

                                            19-cv-793-wmc

MSDF WARDEN STEVEN JOHNSON and
DOE DEFENDANTS,

                Defendants.

---

*Pro se* plaintiff Leon Banks, who was previously incarcerated by the Wisconsin Department of Corrections, is proceeding in this lawsuit pursuant to 42 U.S.C. § 1983, on his claims that his constitutional rights were violated while he was incarcerated at the Milwaukee Secure Detention Facility ("MSDF"). The court granted Banks leave to proceed against certain Doe defendants that were involved in Banks' medical care, naming MSDF Warden Johnson as a defendant for purposes of serving the complaint. Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 28 U.S.C. § 1406(a), defendant Johnson has filed a motion to dismiss or transfer this case. (Dkt. #14.)

Under 28 U.S.C. §§ 1391(a) and (b), venue is proper in a district court where one or more of the defendants reside (if they are all residents of the same state), or where a substantial part of events giving rise to a lawsuit occurred. Defendant's position is that venue is improper in this district court because there is no named defendant, and all events are alleged to have arisen within Dodge, Milwaukee and Winnebago Counties, all of which lie within the Eastern District of Wisconsin. *See* 28 U.S.C. § 130(a). Banks has not responded to the motion to dismiss or transfer, but the court cannot conclude on this

record that venue is improper in this district. Although defendants were prudent to raise this defense at this stage, because the Doe defendants have not yet been identified, the court cannot conclude with certainty that *none* of the defendants resided within a county that lies within this district at the time this lawsuit was filed. Absent authority from defendants suggesting that this court can conclude that venue is improper when the residences of yet-to-be identified defendants are unknown, the court cannot find venue improper in this court.

That said, this case may still subject to dismissal or transfer, but for different reasons. *First*, Banks failed to respond to defendant's motion, which suggests that Banks either agrees that transfer is appropriate or is no longer interested in litigating this case. *Second*, Banks appears to be residing in Milwaukee, Wisconsin, suggesting that the Eastern District of Wisconsin may be a far more convenient forum to litigate this case, and that transfer may be appropriate under 28 U.S.C. § 1404(a). Accordingly, rather than setting this matter for a preliminary pretrial conference, the court will ask for reassurance from Banks that he has not abandoned this lawsuit and whether he agrees that the Eastern District of Wisconsin is the more convenient venue for this case. By **November 23, 2021,** Banks is directed to submit a filing with the court (1) affirming his interest in continuing to litigate this case and (2) stating whether he objects to the transfer of this lawsuit to the Eastern District of Wisconsin. Once the court receives Banks' response, it will determine whether to dismiss this case, transfer this case to the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a), or set it for a preliminary pretrial conference with Magistrate Judge Crocker. **Banks is advised that if the court receives nothing from**

**Banks by that deadline, this lawsuit will be dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).**

ORDER

IT IS ORDERED that:

1) Plaintiff Walter Leon Banks has until **November 23, 2021**, to notify the court whether he is interested in litigating this case, and whether he would object to the transfer of this case to the Eastern District of Wisconsin.

2) Defendant Johnson's motion to dismiss or transfer (dkt. #14) is DENIED.

Entered this 2nd day of November, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge